■ KENNETH E. McCULLOCH, Doing Business as McCULLOCH ORTHOPEDIC SURGICAL SERVICES, Appellant, v GROUP HEALTH INCORPORATED, Also Known as EMBLEMHEALTH, Also Known as GHI, Respondent. [10 NYS3d 15]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered November 20, 2014, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to compel the production of documents, unanimously modified, on the law and the facts, to compel the production of documents relevant to plaintiff's request number 16 insofar as it seeks reimbursement schedules of allowable charges for non-participating providers such as plaintiff, and otherwise affirmed, without costs.

This is an action to recover $14,722 in unpaid medical bills upon the theory of promissory estoppel. Plaintiff's requests 12 through 15 pertain to materials furnished to GHI employees instructing them to respond to benefit plan inquiries by other physicians; payments made to other physicians; complaints by other physicians regarding payments; and documents related to reimbursement rates for in-network physicians. The motion court properly denied the motion to compel with respect to these requests, as these issues are not "in controversy" and would "hardly aid in the resolution of the question of [promissory estoppel]" (Andon v 302-304 Mott St. Assoc., 94 NY2d 740, 745 [2000]).

Request number 16, i.e., documents related to the calculation of the reimbursement rates for the various Current Procedural Terminology codes that were used by plaintiff on his billings to GHI, however, is relevant to the actual injury sustained by plaintiff. Thus, defendant must produce the relevant schedules of allowed charges for the surgical procedures that plaintiff performed on his patient. Concur—Tom, J.P., Sweeny, Andrias, Moskowitz and Gische, JJ.